***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and upon reconsideration, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Commission, have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
4. On all relevant dates, an employment relationship existed between plaintiff and defendant-employer.
5. Defendant-employer is self-insured, with Key Risk Management Services serving as the third-party administrator.
6. Plaintiff's average weekly wage will be determined from an Industrial Commission Form 22 Wage Chart.
7. Plaintiff's alleged date of injury to her back is June 18, 2006.
8. At the Deputy Commissioner's hearing, the parties submitted a packet of stipulated documents, which was admitted into the record and marked as Stipulated Exhibit (2) and contained Medical Records and Industrial Commission Forms.
9. At the Deputy Commissioner's hearing, defendant submitted the following:
 a. A packet of medical records provided by defendant-employer, which was admitted into the record, and marked as Defendant's Exhibit (1), and;
 b. A video of jobs at defendant-employer's facility, which was admitted into the record, and marked as Defendant's Exhibit (2).
10. The issues before the Full Commission are whether plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on June 18, 2006, and, if so, what benefits is she entitled to receive; whether plaintiff is permanently and *Page 3 
totally disabled; and whether plaintiff is entitled to the imposition of sanctions for defendant's alleged failure to conduct a reasonable investigation of the claim.
 *********** RULING ON EVIDENTIARY MATTERS
At the hearing before the Full Commission, defendant made a motion to submit additional evidence. Plaintiff had no objection to the motion and, as such, defendant's motion is granted and the additional evidence, consisting of the medical records of Dr. Karen Mayer, is hereby made part of the record.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the Deputy Commissioner's hearing, plaintiff was 47 years old. Plaintiff has a GED and her employment history primarily involves working in factories.
2. In the 1980s, plaintiff underwent a cervical fusion. Plaintiff completely recovered and was able to perform full-time, full-duty work.
3. On November 3, 1996, plaintiff began employment with defendant-employer as a creeler. Plaintiff worked as a creeler for approximately two years and then became a draw warp operator.
4. On October 17, 2004, plaintiff was attempting to repair a warper machine when she injured her neck and back. The compensability of this incident, which is the subject of I.C. No. 475429, was accepted as compensable by defendant.
5. Plaintiff first sought medical treatment for the October 17, 2004 injury on *Page 4 
November 22, 2004 from Dr. William Lestini. Plaintiff reported severe pain between her shoulder blades and in the location of her prior cervical fusion. An MRI was ordered and plaintiff was released to light duty work for no more than eight hours.
6. Due to plaintiff's continued pain, Dr. Lestini recommended surgery. However, plaintiff declined to undergo surgery and attempted to work within her assigned physical restrictions, which included no lifting more than 20 pounds and limited bending, stooping or squatting.
7. Plaintiff returned to work for defendant-employer as a machine operator and was informed that she would be provided assistance, as needed. However, plaintiff testified that she was not always able to obtain help. To perform the job duties of a machine operator, plaintiff repaired ends when machines stopped, which required plaintiff to bend, stoop and squat, if necessary, to get the machine operational again. The machine operator job description also requires an operator to push or pull as much as 125 pounds, to doff, which involves removing a full beam of cloth and replacing it with an empty beam, and a great deal of bending, stooping, squatting, and pushing and lifting more than twenty pounds. A machine operator also performs quality checks by walking around the machine to check it and the fabric. Prior to August 2006, operators were allowed to sit when the work allowed; however, chairs were taken out of the plant in August 2006. Eddie Dennis, a supervisor, corroborated plaintiff's testimony regarding her periodic need of assistance.
8. Plaintiff continued to experience pain in the middle portion of her back following her October 17, 2004 injury, which did not resolve prior to June 18, 2006.
9. On June 18, 2006, plaintiff's warper machine completely broke down in what was described as a "wipe out." When such an event occurs, it may take five hours or more to put *Page 5 
1,100 or more ends back through the head of the machine. As plaintiff was reloading the beam, she pulled and tugged on the yarn which caused a re-injury to her neck and back. Plaintiff left Mr. Dennis a voice mail, notifying him of her injury.
10. On June 19, 2006, Jimmy King, defendant-employer's plant manager, informed plaintiff's co-workers of her injury at a morning meeting. Plaintiff's team leader, Ursula McCormick, was unable to recall whether or not plaintiff informed her directly of the incident on June 18, 2006, but did recall learning of it from Mr. King.
11. Plaintiff's mother, Edith McElveen Davis, testified that in June 2006, plaintiff came home after work and informed her that she had injured herself. The Commission finds plaintiff's testimony regarding the circumstances of her June 18, 2006 injury and consequences thereof to be credible.
12. On June 21, 2006, plaintiff sought treatment at WakeMed's emergency room where she reported the onset of mid-back pain three days prior after feeling a pop in her back pulling yarn at work. Plaintiff was excused from work and was given an out of work note that she provided to Mr. Dennis.
13. On June 27, 2006, plaintiff sought additional treatment at Dr. Lestini's office, where she reported experiencing neck and low back pain, weakness in her extremities, difficulty with arm movements, leg numbness and weakness. Dr. Lestini testified that plaintiff's symptoms on June 27, 2006 were more focused on her cervical and lumbar regions, as opposed to being earlier primarily focused on the mid-thoracic and upper extremity regions.
14. On July 11, 2006, Dr. Lestini declined to treat plaintiff further due to defendants' disapproval of an EMG and nerve conduction study that he recommended.
15. Beth Jaynes Turner, PA-C, MHS, testified that if she had been aware of what *Page 6 
plaintiff reported to medical personnel at WakeMed, she would have concluded that plaintiff in fact had sustained a compensable back injury on June 18, 2006.
16. On June 29, 2006, plaintiff sought treatment from Dr. Singaravelu Jagadeesan, a board certified neurologist, and reported the onset of pain in the thoracic and lower cervical regions along with tingling and numbness in her upper extremities on June 18, 2006, following an incident at work. Dr. Jagadeesan medically excused plaintiff from work for the entire period of his treatment, beginning June 29, 2006.
17. On July 31, 2006, Dr. Jagadeesan noted that a thoracic spine MRI revealed that plaintiff had a large disc herniation on the right side and a herniated disc in her cervical spine. Additionally, Dr. Jagadeesan referred plaintiff for a neurosurgical evaluation.
18. Dr. Jagadeesan testified that plaintiff's cervical disc herniation and the aggravation of the condition of her thoracic spine were caused by plaintiff's June 18, 2006 injury by accident.
19. On October 24, 2006, Dr. Robert Lacin first examined plaintiff on the neurosurgical evaluation referral from Dr. Jagadeesan. At that time, plaintiff was utilizing her personal health insurance due to her concern that proceeding through defendant-carrier would delay treatment. Dr. Lacin testified that plaintiff's condition improved following her October 17, 2004 injury by accident, but that she never healed entirely and that her condition worsened following the June 18, 2006 accident.
20. On November 16, 2006, Dr. Lacin performed a cervical fusion surgery on plaintiff. As a result of this procedure, plaintiff's symptoms improved.
21. Dr. Lacin medically excused plaintiff from all work from October 24, 2006 to
April 19, 2007, at which time he released her to return to sedentary work with restrictions of no *Page 7 
lifting more than ten pounds. He also opined that plaintiff should be permanently restricted from work that is physically demanding for her upper extremities. Dr. Lacin testified that the conditions for which he and Dr. Jagadeesan treated plaintiff were causally related to her October 17, 2004 and June 18, 2006 injuries by accident.
22. The Commission finds that plaintiff's cervical disc herniation, the aggravation of the condition of her thoracic spine and her cervical spinal stenosis are causally related to plaintiff's June 18, 2006 injury by accident. However, there is insufficient medical evidence of record upon which to find that plaintiff's bladder incontinence is causally related to her October 17, 2004 and June 18, 2006 injuries by accident.
23. At the Deputy Commissioner's hearing, plaintiff testified that she wished she could perform work, but that she did not think she was capable. Plaintiff has not returned to work for defendant-employer or any other employer since June 18, 2006. Plaintiff was written out of work from June 21, 2006 until April 19, 2007, when she was released to sedentary work with restrictions by Dr. Lacin. The Commission finds that as a result of her October 17, 2004 and June 18, 2006 injuries by accident, plaintiff has been unable to earn any wages in her former position with defendant-employer or in any other employment from June 21, 2006 through April 19, 2007. Because plaintiff was released to return to work with restrictions after the Deputy Commissioner's hearing on January 25, 2007, the record contains no evidence concerning plaintiff's efforts, if any, to find employment after April 19, 2007 or whether such efforts would be futile because of other factors.
24. Plaintiff's average weekly wage is $500.85, with her compensation rate being $333.90.
25. There is insufficient evidence of record upon which to find that defendant is *Page 8 
subject to sanctions for failing to conduct a reasonable investigation of plaintiff's claims.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On October 17, 2004, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment with defendant-employer in the form of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. On June 18, 2006, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in the form of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff's October 17, 2004 and June 18, 2006 injuries by accident occurred during a judicially cognizable time period and were not the result of a gradual deterioration. Fish v. Steelcase, Inc.,116 N.C. App. 703, 707, 449 S.E.2d 233, 237 (1994), cert. denied,339 N.C. 737,449 S.E.2d 233, 237 (1994).
4. Plaintiff's cervical disc herniation, cervical spinal stenosis and the aggravation of the condition of her thoracic spine are causally related to the October 17, 2004 and June 18, 2006 injuries by accident. N.C. Gen. Stat. § 97-2(6).
5. Plaintiff's bladder incontinence is not causally related to her October 17, 2004 and June 18, 2006 injuries by accident. Click v.Freight Carriers, 300 N.C. 164, 265 S.E.2d 389 (1980).
6. In order to meet the burden of proving continuing disability, plaintiff must prove that she was incapable of earning pre-injury wages in either the same or in any other employment *Page 9 
and that the incapacity to earn pre-injury wages was caused by plaintiff's injury. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that she is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that she is capable of some work, but that she has, after a reasonable effort, been unsuccessful in her efforts to obtain employment; (3) evidence that she is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that she has obtained other employment at wages less than her pre-injury wages. Demery v. PerdueFarms, Inc., 143 N.C. App. 259, 545 S.E.2d 485 (2001); Russell v. LowesProduct Distribution, 108 N.C. App. 762, 425 S.E.2d 454 (1993). When a plaintiff meets her burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations.Demery v. Perdue Farms, Inc., supra.
7. In this case, plaintiff was disabled from any employment from June 21, 2006 through April 19, 2007. However, the record contains insufficient evidence regarding whether, after April 19, 2007, plaintiff was unable to obtain employment after a reasonable effort or whether it was futile for her to seek employment because of other factors. N.C. Gen. Stat. § 97-29; Russell v. Lowes Product Distribution, supra.
8. As the result of her October 17, 2004 and June 18, 2006 injuries by accident, plaintiff is entitled to temporary total disability compensation at the rate of $333.90 per week for the period of June 21, 2006 through April 19, 2007. N.C. Gen. Stat. § 97-29. *Page 10 
9. Plaintiff is entitled to payment by defendant of all medical expenses incurred or to be incurred as a result of her October 17, 2004 and June 18, 2006 compensable injuries, including expenses related to the treatment provided by Drs. Jagadeesan and Lacin. N.C. Gen. Stat. §§ 97-2(19); 97-25.
10. Defendant conducted a reasonable investigation of plaintiff's claims, and therefore defendant is not subject to sanctions. N.C. Gen. Stat. § 97-18(j).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, defendant shall pay to plaintiff temporary total disability compensation at the rate of $333.90 per week for the period of June 21, 2006 through April 19, 2007. This compensation shall be paid to plaintiff in a lump sum.
2. Defendant shall pay all related medical expenses incurred or to be incurred by plaintiff as the result of her October 17, 2004 and June 18, 2006 injuries by accident, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, including expenses related to the treatment provided by Drs. Jagadeesan and Lacin.
3. A reasonable attorney fee of 25% of the compensation due plaintiff under paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid directly to plaintiff's counsel.
4. In that the record contains insufficient evidence concerning the extent of plaintiff's disability, if any, after April 19, 2007, this issue is RESERVED for future *Page 11 
determination or agreement of the parties.
5. Defendant shall pay the costs.
This 29th day of September, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/_____________ DANNY LEE McDONALD COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER *Page 1